UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

SCOTTY LANCE HOWARD,            )
                                )
            Plaintiff,           )
                                )   No. 1:05-CV-27
v.                              )
                                )   Judge Curtis L. Collier
R.J. REYNOLDS TOBACCO COMPANY,  )
                                )
            Defendant.           )

**M E M O R A N D U M**

Before the Court are two motions to dismiss, one filed by each of the entities who have been named as the defendant in this *pro se* action (Court File Nos. 17, 19). Memoranda were filed in support of both motions (Court File Nos. 18, 20), but Plaintiff Scotty Lance Howard ("Plaintiff") has only responded to the second motion (Court File No. 21) and Defendant R.J. Reynolds Tobacco Company ("RJR") has filed a reply to that response (Court File No. 22). For the following reasons, the Court will **DENY** the first motion to dismiss (Court File No. 17) and **GRANT** the second motion to dismiss (Court File No. 19).

**I.    RELEVANT FACTS**

Plaintiff claims to be a citizen of McMinn County, Tennessee, though he is currently a resident of state correctional facility in Sterling, Colorado. According to Plaintiff's allegations, RJR is a North Carolina corporation engaged in, among other things, "the business of manufacturing, promoting, marketing, distributing, and selling Camel Lights brand cigarettes (Court File No. 15,

¶ 2). Plaintiff alleges he "purchased and consumed (on average) approximately 30 Camel Light cigarettes per day for 14 years" (Court File No. 15, ¶ 12) and he did so seeking a "low tar, low nicotine alternative to regular cigarettes" (*id.* at ¶¶ 25). Plaintiff alleges RJR sold, packaged, marketed, and promoted Camel Lights as "light" cigarettes containing "lowered tar and nicotine" (*id.* at ¶¶ 6-7, 10(a)). However, Plaintiff alleges RJR in fact specifically designed Camel Lights to deliver *higher* levels of tar and nicotine "when smoked under realistic conditions," but made "deceptive changes in cigarette design and composition" in order to manipulate the measurements produced by industry standard testing machines so as to support its claims of low tar and nicotine (*id.* at ¶¶ 7, 10(b)-(e), 11). Plaintiff additionally alleges RJR concealed and/or failed to disclose smoke produced by Camel Lights is more "genotoxic (causing genetic and chromosomal damage) per milligram of tar than 'regular' cigarettes" (*id.* at ¶¶ 9, 10(f)). Finally, Plaintiff alleges he was formally diagnosed with chronic obstructive pulmonary disease ("COPD") in May 2004 and suffers from acute asthma, chronic bronchitis, bronchiectasis, wheezing, tachypnea, dyspnea, and early indications of emphysema, all of which he attributes to his consumption of Camel Lights (*id.* at ¶¶ 32-33).

Plaintiff, acting *pro se*, filed his initial complaint in this action on January 31, 2005, naming R.J. Reynolds Tobacco Holdings ("RJR Holdings") as defendant and asserting claims under the Tennessee Consumer Protection Act and for false and deceptive advertising in general. RJR Holdings filed a motion to dismiss on February 14, 2005, claiming a lack of personal jurisdiction (Court File Nos. 17, 18). On February 25, 2005, Plaintiff filed an amended complaint substituting RJR as the named defendant (Court File No. 15). RJR then filed its own motion to dismiss on July 14, 2005 (Court File Nos. 19, 20).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859

F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

**III. DISCUSSION**

The issues raised by RJR Holdings in its motion to dismiss for lack of personal jurisdiction appear to have been addressed by Plaintiff's filing of an amended complaint substituting RJR as the named defendant in RJR Holdings' stead. Under Federal Rule of Civil Procedure 15(a) Plaintiff was entitled to amend his pleading once as a matter of course at any time before service of a responsive pleading. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000) (holding Rule 12(b)(6) motion to dismiss does not qualify as a "pleading"). Accordingly, the Court deems the amended complaint as the operative pleading and will **DENY** RJR Holdings' motion to dismiss as moot (Court File No. 17).

RJR's motion to dismiss contends Plaintiff's amended complaint should be dismissed because the Tennessee Consumer Protection Act does not apply to claims for personal injuries, Plaintiff's action was filed outside the applicable statute of limitations, the doctrines of federal and conflict preemption bar any claims RJR owed Plaintiff a duty to inform him of the health risks associated with smoking or is liable for the manufacture and sale of ordinary cigarettes, and, in any event, damages on any claim which Plaintiff might have stated must be limited to the ten-year period leading up to the filing of Plaintiff's lawsuit based on the statute of repose. The Tennessee Consumer Protection Act ("TCPA") generally prohibits "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce," Tenn. Code Ann. § 47-18-104(a), and in particular,

4

"any . . . act or practice which is deceptive to the consumer or to any other person." *Id.* § 47-18-104(b)(27). The TCPA additionally provides "[a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages." *Id.* § 47-18-109(a)(1). RJR argues this language demonstrates the TCPA does not apply to claims for personal injuries (Court File No. 20, p. 5). In *Kirksey v. Overton Pub., Inc.*, 804 S.W.2d 68 (Tenn. Ct. App. 1990), the only case cited by RJR, the Tennessee Court of Appeals held the plaintiffs could not state a TCPA claim where the consumer's death was the "thing of value" allegedly lost as a result of the defendant's unfair or deceptive act or practice. *Id.* at 73. In so doing, the court appears to have interpreted the language of § 47-18-109(a)(1) as imposing a limitation on the nature of those injuries compensable under the TCPA (*i.e.*, "an ascertainable loss of money or property") rather than a mere limitation on the sort of the transactions which would give rise to a TCPA claim. Although the *Kirksey* court did not discuss this issue in great detail, other courts considering similar statutory language have concluded certain types of injuries fall outside the rubric of state consumer protection statutes. *See, e.g.*, *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1060 (Wash. 1993) (holding expenses for personal injuries are injuries to "business or property" compensable under state consumer protection act); *Gross-Haentjens v. Leckenby*, 589 P.2d 1209, (Or. Ct. App. 1979) (holding plaintiff injured in automobile accident could not utilize Oregon Unlawful Trade Practices Act to recover for losses resulting from personal injuries suffered when car's brakes failed). Those courts which have reached contrary conclusions appear to have done so based upon broader statutory language than that contained within § 47-18-

5

109(a)(1). *See, e.g.*, *Maillet v. ATF-Davidson Co., Inc.*, 552 N.E.2d 95, 99 (Mass. 1990) (holding personal injury fell within category of injuries cognizable under consumer protection statute providing cause of action to "[a]ny person . . . who has been injured by another person's use" of an unfair or deceptive trade practice"). Accordingly, the Court must dismiss Plaintiff's claims to the extent he seeks to recover for injuries to his person resulting from RJR's alleged violations of the TCPA. This holding does not, of course, preclude Plaintiff from asserting a cause of action under the TCPA based upon non-personal injuries resulting from RJR's alleged unfair or deceptive acts nor does it preclude Plaintiff from asserting an independent personal injury cause of action. Plaintiff's complaint references the TCPA only within the context of his first claim for relief and does not specifically mention his alleged medical injuries therein. Accordingly and in light of the courts' general policy of construing *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982), the Court will read Plaintiff's amended complaint as asserting separate TCPA and personal injury claims.

With respect to the TCPA claim, RJR contends the statute of limitations requires dismissal of that claim since Plaintiff's allegations reveal he learned of the alleged violation approximately three years before bringing suit (Court File No. 20, pp. 5-6). The TCPA explicitly requires "[a]ny action commenced pursuant to [the TCPA] shall be brought within one (1) year from a person's discovery of the unlawful act or practice." Tenn. Code Ann. § 47-18-110. Although Plaintiff's first complaint was not filed until January 31, 2005, Plaintiff initiated the formal steps which led to the filing of that complaint as early as August 9, 2004, the date on which he signed and presumably mailed a motion for leave to prepay filing fees (*see* Court File No. 1). However, in his amended complaint, Plaintiff specifically alleges he "was without knowledge of the conduct by RJR alleged

6

in this complaint, or of any facts from which it might reasonably be concluded that RJR was so acting, or which would have led to the discovery of such action, *until late in the year 2001*" (Court File No. 15, ¶ 12) (emphasis added). Thus, even assuming Plaintiff discovered the true nature of RJR's allegedly unfair and/or deceptive conduct at the latest possible date consistent with his allegations (*i.e.*, December 31, 2001), and further assuming Plaintiff's complaint can properly be deemed as filed on August 9, 2004, there still exists a delay of more than thirty-one months in bringing this action.

With respect to Plaintiff's personal injury claim, the Tennessee Products Liability Act governs all actions "brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." *See* Tenn. Code Ann. § 29-28-102(6). RJR argues any such claim asserted by Plaintiff is also barred by the applicable statute of limitations. Tennessee's general one-year personal injury statute of limitations applies to products liability claims, *see* Tenn. Code Ann. § 28-3-104(a), and "[t]he cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product." *Id.* § 28-3-104(b)(1). Although Plaintiff alleges he was not formally diagnosed with COPD until May 2004, RJR points out Plaintiff previously filed a lawsuit against Phillip Morris, Inc. in Wisconsin state court wherein he alleged he suffered from "various permanent, irreversible, life-threatening cardiopulmonary injuries that are a direct result of his 16 year addiction to *Marlboro* brand cigarettes" and specifically claimed to be suffering from a variety of ailments including hypertension, cardiac palpitations, tachycardia, arrhythmia, tachypnea and/or dyspnea, chronic asthma, chronic bronchitis, early indications of pulmonary emphysema, and

7

atelectasis (Court File No. 20, Exh. A ¶ 18). This complaint was filed on March 6, 2003, more than one year before the very earliest date the instant complaint could possibly have been deemed filed (*i.e.*, August 9, 2004). In resolving a motion to dismiss it is appropriate for the Court to take judicial notice of proceedings in other courts of record. *See* Fed. R. Evid. 201(b); *Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir. 1999). Accordingly, the Court hereby takes judicial notice of Plaintiff's prior allegations against Phillip Morris and finds they undisputably establish Plaintiff had both sustained and become aware of his alleged injuries on or before March 6, 2003. *See Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990) ("[T]he statute [of limitations] is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry.").

Plaintiff maintains his products liability claim should survive based upon Tenn. Code Ann. § 28-3-104(b)(2), which provides that in products liability cases "[n]o person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury." Plaintiff contends that although he had previously been suffering from "pulmonary symptomology," his injury did not actually occur until he was formally diagnosed with COPD in May 2004, thus his claim was timely (Court File No. 21, p. 3). However, "there is no requirement of a formal medical diagnosis in order for a claim to accrue." *Wansley v. Refined Metals Corp.*, No. 02A01-9503-CV-00065, 1996 WL 502497, at *4 (Tenn. Ct. App. Sept. 6, 1996) (unpublished opinion). Instead, the statute of limitations begins to run from the time the plaintiff discovers or, in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the injury. Plaintiff's prior Wisconsin lawsuit clearly demonstrates he was aware of his medical problems and/or symptoms and believed them to have resulted from his consumption of cigarettes no later

8

than March 6, 2003. That a doctor had not confirmed Plaintiff's conclusions and given them a medical classification did not operate to toll the statute of limitations.

Although the parties have raised and argued a series of additional issues, most notably the scope and application of the preemptive force of the Federal Cigarette Labeling and Advertising Act, the Court finds it unnecessary to address these matters since even assuming Plaintiff's position is correct and his claims are not preempted, those claims must still be dismissed for the reasons previously stated.

### IV. CONCLUSION

Because the issues raised in RJR Holdings' motion to dismiss have been mooted by the filing of Plaintiff's amended complaint, the Court will **DENY** said motion (Court File No. 17). However, because the TCPA does not permit Plaintiff to recover for personal injuries suffered as a result of allegedly unfair or deceptive acts or practices and because Plaintiff's TCPA and products liability claims have both been brought outside the applicable statute of limitations, the Court will **GRANT** RJR's motion to dismiss (Court File No. 19).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**